UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NATHAN BARLOW** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-16** |
| **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** | **SECTION: "H"** |

### ORDER

Before the Court is Defendant Louisiana Insurance Guaranty Association's ("LIGA") Petition for Intervention (Doc. 12). The Court now reviews subject matter jurisdiction *sua sponte*.

Plaintiff Nathan Barlow filed this federal action against his insurer, Defendant United Property & Casualty Insurance Company ("UPC") in January 2023. UPC became insolvent, and the Court permanently stayed all claims against UPC in March 2023.[1] Upon LIGA's motion, the Court granted LIGA leave to intervene and join this action.

The Court's subject matter jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332. However, both Plaintiff Nathan Barlow and LIGA are Louisiana citizens. Thus, LIGA's intervention destroys complete diversity and the Court's subject matter jurisdiction.[2]

---

[1] The Court also stayed the entire action for six months, pursuant to Louisiana Revised Statutes § 22:2068(A). The six-month period elapsed in September 2023. However, as all claims against the lone Defendant, UPC, were stayed indefinitely, this action remained effectively and administratively stayed until LIGA was joined as a defendant through its Petition for Intervention. Accordingly, the Court clarifies that, in effect, this action was reopened and no longer stayed on July 28, 2025, once LIGA was joined.

[2] *See e.g.* Bergeron v. United Prop. and Cas. Ins. Co., No. 22-808, 2024 WL 3175940 (E.D. La. June 26, 2024).

1

A court must dismiss claims "for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[3] However, 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." A district court's decision to permit amendment under § 1653 turns on the nature of the jurisdictional defect.[4] Where "jurisdictional problems are of the 'technical' or 'formal' variety, they fall squarely within the ambit of § 1653."[5] Thus, amendment should be allowed where "diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist."[6] Here, the record demonstrates the absence of subject matter jurisdiction, and amendment would be futile.

Accordingly,

**IT IS ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that LIGA's Motion to Dismiss (Doc. 15) is **DENIED AS MOOT**.

New Orleans, Louisiana this 29th day of December, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[3] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).
[4] *Id.* at 888.
[5] *Id.*
[6] Stafford v. Mobil Oil Corp., 945 F.2d 803, 806 (5th Cir. 1991) (quoting Leigh v. Nat'l Aeronautics & Space Admin., 860 F.2d 652, 653 (5th Cir. 1988)).